No. 102,715

STATE OF KANSAS, *Appellee*, v. ELTON SIMMONS, *Appellant*.

(283 P.3d 212)

Opin-
ion filed August 24, 2012.

*Shawn E. Minihan*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*David Lowden*, assistant district attorney, argued the cause, and *Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: On direct appeal, Elton Simmons challenged his conviction for aggravated battery, arguing that the district court committed reversible error by refusing to instruct the jury on simple battery as a lesser included offense. A panel of the Court of Appeals agreed, reversed his conviction, and remanded for a new trial. *State v. Simmons*, 45 Kan. App. 2d 491, 492, 249 P.3d 15 (2011). The State petitions for review, asserting that the panel applied an incomplete standard of review and, alternatively, that the panel improperly interpreted the skip rule. We affirm the Court of Appeals' reversal and remand for a new trial.

## FACTUAL AND PROCEDURAL HISTORY

The criminal charges against Simmons arose out of an altercation with his girlfriend, Camille Terry, which allegedly turned physical. A more detailed description of the facts can be found in the Court of Appeals opinion. For our purposes, a brief overview will suffice.

The fight involved two confrontations: the first one outside of Terry's residence during which Simmons was alleged to have punched Terry after she slapped him, and the second one inside a neighbor's house where Simmons allegedly punched Terry in the nose and forehead while she was talking by telephone with a 911 operator. Terry received treatment that night for a broken nose and a forehead cut requiring nine stitches. Later, she had surgery

to correct damage from the broken nose. She claimed those injuries were sustained during the second, inside-the-house confrontation.

Ultimately, Simmons was charged with a number of crimes, the relevant ones here being misdemeanor battery for the first punches delivered outside the house and severity level 4 aggravated battery for allegedly causing great bodily harm or disfigurement with the later punches delivered inside the house. At trial, Simmons claimed self-defense for the outside punches and testified that he did not hit Terry at all during the inside confrontation.

The trial court held an instruction conference the last day of trial, which resulted in the giving of instructions on lesser degrees of felony aggravated battery as lesser included offenses. However, at the instruction conference, Simmons did not request an instruction on misdemeanor simple battery as a lesser included offense of the felony battery charge. Before the jury was instructed, Simmons' attorney did request the simple battery lesser included offense instruction, and the prosecutor agreed that it should be given. Unfortunately, the district court declined to consider the joint request, stating: "I'm not going to. You guys have had three shots at instructions, and we have to get going."

The jury found Simmons guilty of simple battery as charged for the first, outside punches. On the felony count, the jury did not find that Simmons had caused great bodily harm or disfigurement to Terry under the severity level 4 aggravated battery, as charged. Instead, the jury found Simmons guilty of the lesser included offense of level 7 aggravated battery, based upon Simmons having caused bodily harm to Terry in any manner whereby great bodily harm, disfigurement, or death can be inflicted.

On appeal to the Court of Appeals, Simmons argued that the district court erred in failing to instruct the jury on simple battery as a lesser included offense of the felony aggravated battery charge. The Court of Appeals agreed and further found that the skip rule did not save the error from being reversible. *Simmons*, 45 Kan. App. 2d at 507. We granted the State's petition for review on the lesser included offense and skip rule issues.

## LESSER INCLUDED OFFENSE INSTRUCTION

The State first contends that the Court of Appeals applied an incomplete standard of review when it declared: "A trial court is obligated to instruct on any lesser included offense on which a jury might reasonably return a verdict [after] considering the evidence in a light most favorable to the defendant." *Simmons*, 45 Kan. App. 2d at 499. Specifically, citing to a prior case with the same name, *State v. Simmons*, 282 Kan. 728, 741, 148 P.3d 525 (2006), the State asserts that the complete and correct standard is that a "criminal defendant has a right to an instruction on all lesser included offenses supported by the evidence as long as . . . the evidence, when viewed in the light most favorable to the defendant's theory, would justify a jury verdict in accord with that theory."

In other words, the State contends that the appropriateness of a lesser included offense instruction is measured against the defendant's theory of defense, *i.e.*, a district court does not err in refusing to give a requested instruction that is inconsistent with the defendant's theory of defense. Applying that standard here, the State argues that the requested instruction on simple battery was inconsistent with Simmons' trial strategy of denying that he hit his girlfriend during the second confrontation in the house.

We would first note that the State appears to mislabel the test for determining when a trial court must give a lesser included offense instruction as a standard of review. Review standards deal with the level of deference an appellate court affords to the trial court, rather than the test or basis for determining the merits of the issue. That shortcoming is certainly understandable, given that our appellate courts have not always been crystal clear or consistent in identifying standards of review or in distinguishing them from tests for reversibility when dealing with instruction issues. See Hodgkinson, *Clear as Mud? "Clearly Erroneous" as a Standard of Review for Instructional Claims*, Kansas Bar Association Appellate Practice Newsletter (Spring 2012). In *State v. Plummer*, 295 Kan. 156, Syl. ¶ 1, 283 P.3d 202 (2012), this day decided, we set forth an analytical framework for instructional issues with corresponding standards of review:

"For jury instruction issues, the progression of analysis and corresponding standards of review on appeal are: (1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011)."

We will endeavor to apply that process to the facts of this case. First, exercising unlimited review, we are unable to find any impediment to our appellate jurisdiction and the issue appears to have been properly preserved for a full consideration of the merits on appeal. Simmons properly requested the lesser included offense instruction "before the jury [retired] to consider its verdict," as required by K.S.A. 22-3414(3). The district court's imposition of a more restrictive timeline for the requesting of lesser included offense instructions will not foreclose or restrict appellate review. Ironically, any few moments saved at the first trial will certainly pale in comparison to the time and effort required to rectify any error on appeal.

Next, looking to the legal appropriateness of the instruction, we find that, as a matter of law, simple battery is a lesser included offense of severity level 4 aggravated battery. Under K.S.A. 21-3107(2)(a), "[a] lesser included crime" is defined as "[a] lesser degree of the same crime." Obviously, misdemeanor battery is a lesser degree of the crime of severity level 4 felony aggravated battery. See, *e.g.*, *State v. Warbritton*, 211 Kan. 506, 507, 506 P.2d 1152 (1973) ("state concedes that the offense of battery is a lesser included offense of aggravated battery"). The State does not argue otherwise.

Instead, for its legal argument, the State manufactures a rule of law, ostensibly divined from our prior decision in *Simmons*, 282 Kan. at 741-42, that

"[i]n order to be entitled to a lesser included instruction, three factors must coincide: (1) the requested instruction must be of a lesser degree with respect to the crime charged; (2) the defendant's theory of defense must not be inconsistent

with a conviction based upon the requested lesser included instruction; and (3) the evidence at trial must not otherwise exclude a theory of guilt on the lesser offense."

The State then does not challenge the existence of its first and third factors; rather, it relies on its second factor by arguing that a simple battery instruction was inconsistent with Simmons' "I-did-not-hit-her" defense and, therefore, Simmons was not entitled to have the simple battery instruction. We do not agree that a consistent defense theory is a condition precedent to the entitlement to a lesser included offense instruction.

The Kansas Legislature has codified a trial court's duty to instruct on lesser included offenses. The test for when the duty arises is "where there is some evidence which would reasonably justify a conviction of some lesser included crime," and a constraint on judicial discretion is indicated by the mandatory language directing that "the judge *shall* instruct the jury as to the crime charged and *any* such lesser included crime." (Emphasis added.) K.S.A. 22-3414(3); see *State v. Cordray*, 277 Kan. 43, 53-55, 82 P.3d 503 (2004). We have held that the evidence which would support a conviction on a lesser included crime is not restricted to that which was proffered by the defense, but rather it can include evidence presented by the State, as well. *State v. Coleman*, 253 Kan. 335, 354, 856 P.2d 121 (1993). Here, the State appears to concede that the evidence presented at trial was sufficient to reasonably justify a conviction for simple battery. That is all that the statute requires.

Perhaps more fundamentally, a defendant has a constitutional right to present his or her theory of defense and, in that regard, " '[a] defendant is entitled to instructions on the law applicable to his or her theory of defense if there is evidence to support the theory.' " *State v. Anderson*, 287 Kan. 325, 334, 197 P.3d 409 (2008). But we have also clarified that a defendant is not constrained to presenting only one theory of defense; "inconsistent theories of defense are permissible." *State v. Trussell*, 289 Kan. 499, 505, 213 P.3d 1052 (2009). Accordingly, it would be contradictory to allow a defendant to present inconsistent theories of defense, but refuse to instruct the jury on the defendant's theories.

Accordingly, we disagree with the State's premise that a theory of defense can negate the trial court's obligation to instruct on a lesser included offense, where the evidence was sufficient to require such an instruction under K.S.A. 22-3414(3). That is not to say that the defense theory has no bearing on instructions. One might well envision a circumstance in which the defendant's theory of defense could have a bearing upon whether an instructional error was harmless. But the defendant's theory of defense does not trump the requirements of K.S.A. 22-3414(3).

We move now to a determination of whether the evidence was sufficient to support a conviction for simple battery, viewing the evidence in the light most favorable to Simmons. Under K.S.A. 21-3412, simple battery can be committed in two ways: "(1) Intentionally or recklessly causing bodily harm to another person; or (2) intentionally causing physical contact with another person when done in a rude, insulting or angry manner." Here, the jury found sufficient evidence to convict Simmons of severity level 7 aggravated battery based upon his "intentionally causing bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement or death can be inflicted." K.S.A. 21-3414(a)(1)(B). The same evidence that supported the intentional causing of bodily harm for the felony charge would support the intentional causing of bodily harm for simple battery.

The only possible question would center around the manner in which Simmons inflicted the bodily harm. We have repeatedly held that establishing the difference between harm and great bodily harm is a decision for the jury. *State v. Green*, 280 Kan. 758, 765, 127 P.3d 241, *cert. denied* 549 U.S. 913 (2006) ("Except for a few specific injuries that have been declared to be great bodily harm as a matter of law, the question of whether an injury constitutes great bodily harm is a question of fact for the jury to decide."); see generally *State v. Wagner*, 248 Kan. 240, 245-46, 807 P.2d 139 (1991) (trial court erred in failing to instruct on simple battery as a lesser included offense where evidence showed that defendant hit victim on head with a pistol); *State v. Vessels*, No. 96,421, 2008 WL 1847374, at *3-4, 7 (Kan. App. 2008) (unpublished opinion) (concluding that great bodily harm may not be automatically as-

sumed where the defendant pulled the victim's arm, twisting hard enough to break it, as well as hit her with a metal baton). Likewise, assessing the manner in which the bodily harm was inflicted should generally be a question for the jury to decide. Here, the jury was precluded from fulfilling its role as factfinder. Therefore, the district court erred in refusing to give the requested lesser included offense instruction on simple battery.

The final step is to determine whether the district court's error was harmless. Pursuant to *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012), we look to whether there was a "reasonable probability that the error [affected] the outcome of the trial in light of the entire record." In the present case, the jury clearly did not believe Simmons' defense that he did not hit Terry inside the house. Yet, reviewing the facts in favor of Simmons, the same jury could have decided that the punches were not delivered in a manner which could cause great bodily harm, if they had been given that choice with a simple battery instruction. As the Court of Appeals noted, the jury did, by acquitting Simmons of severity level 4 aggravated battery, reject the allegation that he caused great bodily harm to Terry. That rejection would support a reasonable probability that the jury would have also found that the manner in which Simmons inflicted the bodily harm was not amenable to the infliction of great bodily harm, disfigurement, or death, *i.e.*, a reasonable probability that the jury would have found Simmons committed a simple battery. Therefore, we cannot declare the error to be harmless.

## Skip Rule

Alternatively, the State argues that the panel's interpretation of the skip rule was an improper reformulation of the rule that, as previously interpreted, would have insulated Simmons' conviction from reversal. The interpretation of a court-made rule obviously presents a legal question over which we exercise unlimited review. *Cf. McIntosh v. Kansas Dept. of Revenue*, 291 Kan. 41, 43, 237 P.3d 1243 (2010) (interpretation of court's own prior opinion a question of law subject to unlimited review).

The rule has been described as follows: " 'When a lesser included offense has been the subject of an instruction, and the jury convicts of the greater offense, error resulting from failure to give an instruction on another still lesser included offense is cured.' " *State v. Horn*, 278 Kan. 24, 43, 91 P.3d 517 (2004) (quoting *Easter v. State*, 306 Ark. 615, 620, 816 S.W.2d 602 [1991]). Here, the Court of Appeals described the operation of the rule as follows:

"If a jury convicts of a greater offense, having been given the opportunity to consider a lesser offense, and that verdict necessarily establishes a factual element that would be legally inconsistent with an even lower offense on which no instruction were given, the defendant cannot have suffered any prejudice from the failure to give that instruction." *Simmons*, 45 Kan. App. 2d at 505.

As suggested by the Court of Appeals, the "rule" should be viewed as simply providing a route to harmlessness in those circumstances where the elements of the crime of conviction, as compared to a rejected lesser included offense, necessarily show that the jury would have rejected or eliminated a still lesser included offense. The State contends that the panel's version of the skip rule operates to cure error only where no error actually exists, if the rule only applies where elements are eliminated. But the State fails to grasp the example of the rule's appropriate use that was presented in this case.

Had the jury convicted Simmons of the level 4 version of aggravated battery, it would have necessarily found that Simmons had caused great bodily harm to Terry. That finding would have necessarily rejected the mere "bodily harm" element described in the severity level 7 lesser included offense instruction. Because the jury's finding of great bodily harm would have been inconsistent with the rejected severity level 7 version of aggravated battery, it would likewise have been inconsistent with the same "bodily harm" element of simple battery. It would thus be illogical to believe that the jurors who had selected level 4 aggravated battery over the level 7 version would nevertheless have skipped down to simple battery if given the chance. That counterintuitive result could be sufficient to render the absence of the simple battery instruction harmless error under the "skip rule."

But, here, the jury convicted Simmons of the level 7 version of aggravated battery, which contained the same "bodily harm" element as simple battery. Therefore, the jury did not necessarily find an element that would reject or eliminate the simple battery elements.

The State also points to the jury's rejection of severity level 8 aggravated battery, which is based on recklessly causing bodily harm. However, the rejection of that lesser degree of the crime only informs us that the jury did not accept the idea that the bodily harm was caused recklessly, rather than intentionally. In other words, the rejection of severity level 8 aggravated battery provided no factual predicate upon which to reject or eliminate simple battery. The skip rule simply does not lead us to harmlessness in this case.

The Court of Appeals decision reversing the district court and remanding for a new trial is affirmed.