NOT DESIGNATED FOR PUBLICATION

No. 114,324

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD CUSHINBERRY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed April 14, 2017. Affirmed in part, reversed in part, and remanded.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Daniel D. Gilligan*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and POWELL, JJ.

*Per Curiam*:  This is an appeal of Richard Cushinberry's three drug convictions. Cushinberry raises three issues. First, he asserts that clear error was committed when the trial court failed to provide the jury with a culpable state of mind instruction related to the drug charges. Second, he contends the evidence at trial was insufficient to sustain the convictions. Third, Cushinberry complains that his conviction of unlawful possession of drug paraphernalia should be reversed because the elements instruction did not contain all of the elements of the crime necessary to sustain the conviction.

1

Upon our review of the record and the parties' briefs, we affirm Cushinberry's convictions for possession of codeine and possession of marijuana. However, we reverse his conviction for possession of drug paraphernalia, vacate the sentence, and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

On the morning of November 17, 2013, Richard and Angela Cushinberry had a heated argument in their home. As a result, Angela called the police. Officers Ryan Allison and Glenn McMurray of the Hutchinson Police Department responded shortly thereafter and separated the couple. Angela alleged that during the dispute Cushinberry had thrown a vase and shattered the bedroom mirror. Cushinberry admitted breaking the mirror but claimed it occurred accidentally when he kicked a bed which caused the mirror to fall and break. Based on the officers' investigation, Cushinberry was arrested for criminal damage to property.

After his arrest, Cushinberry asked the officers to retrieve his cell phone that he carried in his backpack. Officer Allison testified that Cushinberry could not recall which pocket contained the cell phone and ultimately asked the officers to "bring the bag with him." When asked about its contents, Cushinberry stated there was nothing inside the bag "that might get him in trouble or shouldn't be there." Officer Allison subsequently searched the bag and discovered "a green plastic container that had marijuana residue in it . . . a smoking pipe that had burned marijuana residue in it," and a prescription pill bottle with a different person's name on it. In addition, Officer Allison discovered "lots of pills" in other small packages throughout the backpack. The officer collected all of the items as evidence.

Cushinberry observed the search of his backpack and stated that the marijuana was for "medicinal purposes." Officer Allison informed Cushinberry "the State of Kansas did

2

not recognize medicinal marijuana," to which Cushinberry responded, "I know." The Kansas Bureau of Investigation conducted tests on the glass smoking pipe and a pill found within Cushinberry's backpack. Tests detected marijuana (THC) in the pipe and codeine in the pill.

The State charged Cushinberry with possession of codeine, a severity level 5 drug felony in violation of K.S.A. 2013 Supp. 21-5706(a); possession of marijuana, a class A misdemeanor in violation of K.S.A. 2013 Supp. 21-5706(b)(3); use or possession with intent to use drug paraphernalia, a class A misdemeanor in violation of K.S.A. 2013 Supp. 21-5709(b)(2); and criminal damage to property, a class B misdemeanor in violation of K.S.A. 2013 Supp. 21-5813(a)(1) and (b)(3). Cushinberry pled not guilty.

After a trial, the jury found Cushinberry guilty of the first three charges but acquitted him of criminal damage to property. Cushinberry was sentenced to a controlling sentence of 18 months of mandatory drug treatment with an underlying prison term of 24 months and 12 months' postrealease supervision.

Cushinberry timely filed this appeal.

### FAILURE TO PROVIDE A CULPABLE STATE OF MIND JURY INSTRUCTION

On appeal, Cushinberry first contends the trial court failed to comply with K.S.A. 2013 Supp. 21-5202(d) when it omitted a culpable state of mind instruction in conjunction with the elements of the three drug charges which were contained in Instruction Nos. 6, 7, and 8. In particular, Cushinberry contends the trial court was legally required to inform the jury that to convict him of these specific drug crimes, the crimes "had to be committed intentionally, knowingly, or recklessly."

When reviewing challenges to jury instructions, Kansas courts follow a multistep analysis:

> "'(1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless.' [Citation omitted.]" *State v. Woods*, 301 Kan. 852, 876, 348 P.3d 583 (2015).

Our review of this issue is unlimited. *State v. Wade*, 284 Kan. 527, 534, 161 P.3d 704 (2007).

The first step of reviewability concerns whether this court may exercise its appellate jurisdiction and whether the defendant raised any objection to the instructions at trial. *State v. Simmons*, 295 Kan. 171, 175, 283 P.3d 212 (2012). Cushinberry does not contest jurisdiction in his brief, nor did he object to Instruction Nos. 6, 7, and 8 at trial on the basis that the necessary culpable state of mind was not provided to the jury. When a party fails to object to a jury instruction at trial but challenges that instruction on appeal, appellate courts review the trial court's conduct for clear error. K.S.A. 2013 Supp. 22-3414(3). Thus, Cushinberry "'must firmly convince [this court] that the giving of [a different] instruction would have made a difference in the verdict.' [Citation omitted.]" *State v. Soto*, 301 Kan. 969, 984, 349 P.3d 1256 (2015).

The second step of the analysis considers the legal appropriateness of the jury instruction proposed by Cushinberry. In this case, we consider the legal appropriateness of an instruction that included a statement regarding the culpable state of mind necessary

4

to commit the three drug offenses. The instructions Cushinberry objects to contain almost identical language. For example, Instruction No. 6 read:

>"In Count One, Richard Cushinberry is charged with unlawfully possessing codeine. Richard Cushinberry pleads not guilty. To establish this charge, each of the following claims must be proved:
>
>"1. Richard Cushinberry possessed codeine.
>
>"2. This act occurred on or about the 17th day of November, 2013, in Reno County, Kansas.
>
>"'Possession' means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

Instruction Nos. 6, 7, and 8 are identical to PIK Crim. 4th 57.040 to be submitted to the jury in use and possession of drugs and drug paraphernalia cases. Nevertheless, for the first time on appeal, Cushinberry objects to these instructions and alleges they did not prescribe a culpable mental state as required by Kansas law.

Cushinberry presents the following argument. K.S.A. 2013 Supp. 21-5706(a) provides: "It shall be unlawful for any person to possess any opiates, opium or narcotic drugs, or any stimulant . . . or a controlled substance analog thereof." This statute, according to Cushinberry, does not "set forth any particular culpable state of mind." Consequently, Cushinberry asserts that K.S.A. 2013 Supp. 21-5202(d) applies in this particular case. That statute provides: "If the definition of a crime does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." K.S.A. 2013 Supp. 21-5202(d). As a result, Cushinberry argues that Instruction Nos. 6, 7, and 8 should have provided that his conduct was "committed intentionally, knowingly, or recklessly." See K.S.A. 2013 Supp. 21-5202(a); PIK Crim. 4th 52.300. Lastly, Cushinberry asserts that PIK Crim. 4th 52.010—which contains the definitions for each culpable mental state—should have been

5

included in the jury instructions and the trial court erred when it failed to add this language.

Cushinberry's argument is contrary to Kansas caselaw. As the State points out, our court recently rejected an identical argument in *State v. Hanks*, No. 114,640, 2016 WL 4585620 (Kan. App. 2016) (unpublished opinion). In that case, the defendant objected to the jury instruction for possession of methamphetamine, raising a similar argument to the one presented by Cushinberry. Our court rejected the defendant's claim that the possession instruction was erroneous stating: "[The defendant] ignores the clear language of the instruction defining the mental state required for possession." 2016 WL 4585620, at *2. The court continued:

"Standing alone, K.S.A. 2015 Supp. 21-5706(a) does not identify a culpable mental state. But in K.S.A. 2015 Supp. 21-5701(q), the introductory statute in Article 57 dealing with crimes involving controlled substances, the term 'possession' as used in Article 57 is defined so as to include having control over an item with 'knowledge of and intent to have such control.' Reading these statutes together, as we are required to do, K.S.A. 2015 Supp. 21-5706(a) and K.S.A. 2015 Supp. 21-5701(q) predicate [the defendant's] conviction upon a showing that she possessed the methamphetamine *knowing that she had control over it and intending to exercise such control*." (Emphasis added.) 2016 WL 4585620, at *2.

According to our court, in *Hanks*, the trial court's "instruction defined the crime of possessing the methamphetamine as 'having joint or exclusive control over [it] with knowledge of and the intent to have such control or knowingly keeping [it] in a place where [she] has some measure of access and right of control.'" 2016 WL 4585620, at *3. The court concluded that the instruction identified the culpable mental state of mind necessary to support a conviction. 2016 WL 4585620, at *3.

We find the holding and rationale of *Hanks* is persuasive and controls the outcome here given the similar facts and defendant's legal argument. Because the district court in this case provided the statutory definition for possession in Instruction Nos. 6, 7, and 8, it also informed the jury of the required culpable mental state. We find no instructional error in this regard.

Moreover, assuming there was error, we would next consider whether the trial court's omission of the instruction was clearly erroneous. To find clear error, an appellate court must be firmly convinced the jury would have reached a different verdict absent the instructional error. *State v. Gleason*, 305 Kan. 794, ___, 388 P.3d 101, 109 (2017). This inquiry requires the reviewing court to consider the evidence as memorialized in the record on appeal to determine the error's impact. See *State v. Cheever*, 304 Kan. 866, 886-87, 375 P.3d 979 (2016).

As discussed in the next issue, we have reviewed the record on appeal and have concluded there was substantial competent evidence to prove that Cushinberry knowingly and intentionally possessed the contraband found in his backpack. In this regard, Cushinberry's defense at trial was not that he accidentally or inadvertently possessed the contraband but that Angela put it in his backpack. In light of the trial evidence, we conclude the jury would not have reached a different verdict had it received the culpable state of mind instruction which Cushinberry now claims was required.

SUFFICIENCY OF THE EVIDENCE

Next, Cushinberry contends there was insufficient evidence to convict him of possession of codeine, possession of marijuana, and possession of drug paraphernalia. Cushinberry structures his argument around the same culpable state of mind premise asserted in his first issue, namely, that the trial evidence failed to show his conduct was intentional, knowing, or reckless.

7

When a criminal defendant challenges the sufficiency of evidence, appellate courts review all the trial evidence in the light most favorable to the State. This court will uphold a conviction if, based on the evidence presented at trial, it is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). The reviewing court will not reweigh the evidence or assess the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

In support of his contention, Cushinberry asserts that his decision to bring the backpack with him to jail demonstrates that he did not intentionally or knowingly possess drugs or drug paraphernalia. He argues that "it is completely illogical that [he] would have invited the specter of additional charges by allowing the police to search the backpack if he had known items of contraband were inside it."

On the other hand, several evidentiary facts support the State's position that Cushinberry's possession of the contraband was knowing and intentional. At trial, Officer Allison testified that he discovered the drugs and drug paraphernalia inside Cushinberry's backpack—an important fact Cushinberry did not dispute. Angela testified that Cushinberry always carried his backpack with him and that he had been through drug rehabilitation before but "kept getting worse." Moreover, the State and Cushinberry stipulated that the pill and glass pipe found in Cushinberry's backpack tested positive for codeine and THC respectively. Most importantly, Cushinberry told Officer Allison that he used the marijuana found in his backpack for "medicinal purposes," yet understood that such use was illegal in Kansas. This evidence undercut Cushinberry's defense theory that Angela placed the contraband in his backpack. It also contravened Cushinberry's argument on appeal that the evidence did not show his knowing and intentional conduct.

Upon our review of the entire record, we are convinced that a rational factfinder could have found beyond a reasonable doubt that Cushinberry knowingly and intentionally possessed both the drugs and drug paraphernalia.

FAILURE TO PROVIDE A PROPER POSSESSION OF
DRUG PARAPHERNALIA INSTRUCTION

Finally, Cushinberry contends he was deprived of his due process rights when the trial court failed to include every element of the crime for possession of drug paraphernalia in Instruction No. 8. The instruction as initially written and read to the jury provided:

> "In Count Three, Richard Cushinberry is charged with unlawfully *using* drug paraphernalia. Richard Cushinberry pleads not guilty. To establish this charge, each of the following claims must be proved:
> "1.  Richard Cushinberry *used* a black pipe *used* to inhale marijuana;
> "2.  This act occurred on or about the 17th day of November, 2013, in Reno County, Kansas.
> "'Possession' means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." (Emphasis added.)

During trial, as the trial court read Instruction No. 8 to the jury, the State objected. The prosecutor argued to the trial court:

> "[F]or the crime of possession of paraphernalia the State does not have to show he *used* the pipe that day. Just that he *possessed* the pipe that day. I believe the language in sentence one, thereof *used* a black pipe on the 17th day is incorrect. It's *possessed* the black pipe *that had been used* to inhale marijuana." (Emphasis added.)

9

Defense counsel objected that any modification to Instruction No. 8 would confuse the jury, and as a result, it should remain unchanged.

The trial judge ruled, "I'm going to go ahead and make that change. I will instruct the jury and reread [Instruction] No. 8 and before we send the jury back I will correct their copies." Thereafter, the trial judge read the amended version of Instruction No. 8 to the jury which, as modified, stated in pertinent part:

> "In Count Three, Richard Cushinberry is charged with unlawfully *using* drug paraphernalia. Richard Cushinberry pleads not guilty. To establish this charge, each of the following claims must be proved:
>
> "1. Richard Cushinberry *possessed* a black pipe *used* to inhale marijuana." (Emphasis added.)

This amended instruction did result in a jury question. During deliberations, the foreman wrote a note to the court asking: "In Count 3 [Instruction No. 8], should the charge read that [Cushinberry] is charged with possession not using?" This question resulted in another conference between the parties and the trial court, with the State asking that the instruction be amended once again, and the defense reiterating its objection to any modification. After considering the arguments, the trial court ruled that it would further amend Instruction No. 8 to instruct the jury: "[I]n Count III Richard Cushinberry is charged with unlawfully *possessing* drug paraphernalia." (Emphasis added.)

On appeal, Cushinberry argues that, despite these amendments, the district court still provided an instruction to the jury that was missing an element of the crime.

K.S.A. 2013 Supp. 21-5709(b) provides: "It shall be unlawful for any person to use or possess *with intent to use* any drug paraphernalia to . . . (2) store, contain, conceal,

10

inject, ingest, inhale or otherwise introduce a controlled substance into the human body." (Emphasis added.)

The PIK instruction for use or possession of drug paraphernalia reflects this language and reads:

"The defendant is charged with unlawfully (using drug paraphernalia) (possessing drug paraphernalia with intent to use it). The defendant pleads not guilty.
"To establish this charge, each of the following claims must be proved:
"1. The defendant (used *insert description of object*) (possessed *insert description of object* with the intent to use it) as drug paraphernalia to *insert one of the following*:
. . . .
- store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body *insert name of controlled substance*.
"2. This act occurred on or about the ___ day of _____, ___, in _____ County, Kansas." PIK Crim. 4th 57.100.

Cushinberry points out that Instruction No. 8, as finally explained to the jurors after their question about it during deliberations, failed to include the italicized language: "possessed a black pipe *with intent to use it*" as provided in both K.S.A. 2013 Supp. 21-5709(b) and PIK Crim. 4th 57.100. Cushinberry alleges this omission deprived him of his due process rights because "[he] was found guilty of a crime when the jury was never asked to find all the elements of the crime with which he was charged."

In response, the State first contends we should not review this issue because at trial Cushinberry never objected to Instruction No. 8 on a constitutional due process basis. Second, the State essentially concedes that Instruction No. 8 lacked the "with intent to use it" element to the crime. However, the State contends this omission did not constitute clear error which would require reversal of the possession of drug

11

paraphernalia conviction. Our standard of review regarding this matter is the same as provided in the first issue regarding instructing the jury on a culpable state of mind. See *Woods*, 301 Kan. at 876.

Is this issue appropriate for our review? Although Cushinberry objected in the district court about the modifications made to Instruction No. 8, he did not base his objections on a due process violation. Generally, issues not raised before the district court may not be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). There are, however, three exceptions to this rule, including that consideration of the issue is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Cushinberry asserts this exception, arguing that a failure to find him guilty of all the elements of possession of drug paraphernalia constituted a denial of his fundamental right to due process. A jury instruction that fails to include an element of the offense implicates a defendant's right to jury trial protected by the Sixth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights. See *Neder v. United States*, 527 U.S. 1, 18, 119 S. Ct. 1827, 114 L. Ed. 2d 35 (1999). We are persuaded that Cushinberry may raise this issue for the first time on appeal.

Next, as implicitly conceded by the State, the final, modified Instruction No. 8 did not allow the jury to consider and unanimously agree on the essential element of the crime that Cushinberry possessed the black pipe *with the intent to use it* as drug paraphernalia. Because the district court did not sufficiently inform the jury of all the elements of the charged crime, we find error.

Was this instructional error harmless? When a district court erroneously omits an element of the charged offense, the United States Supreme Court has recognized that the error may be harmless if the omitted element was "uncontested and supported by

12

overwhelming evidence." *Neder*, 527 U.S. at 17. The Kansas Supreme Court adopted this same standard in *State v. Richardson*, 290 Kan. 176, 182-83, 224 P.3d 553 (2010). Under this standard, an appellate court determines whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element. If not, then the district court's error was harmless. 290 Kan. at 182-83; see *State v. Olivares*, No. 110,313, 2014 WL 6676063, at *6 (Kan. App. 2014), *rev. denied* 302 Kan. 1018 (2015).

Upon our review of the record, there were facts which tended to show that Cushinberry had previously used the black pipe to smoke marijuana. Still, Cushinberry's intent to use the pipe to smoke marijuana as of the date of the offense was not "uncontested and supported by overwhelming evidence." *Neder*, 527 U.S. at 17. Cushinberry testified at trial, "as far as the marijuana, yes, I used to use it, but I don't use it no more. I just quit. I just quit." When specifically asked, "Now, at that point in time, November 17th, 2013, were you using marijuana?" Cushinberry denied it. Moreover, Cushinberry claimed the black pipe was actually a broken piece of pipe. Under cross-examination, the following colloquy occurred:

"Q. And you stated that you have used marijuana in the past?

"A. Yes.

"Q. And you stated that the, what the officer found in the black pouch was in fact a piece of a marijuana pipe?

"A. A broken piece, yes, it was.

"Q. So that pipe had been used to smoke marijuana?

"A. Yes.

"Q. And you knew it was in your backpack?

"A. I did not know it was in there. Why would I have a broken piece of something to smoke out of if it was broke? It was just in the bottom of that zip thing. There was no marijuana in the thing. It was only about that big. A broken piece of a pipe."

We are persuaded that Cushinberrry's intent to use the black pipe to smoke marijuana at the time of the offense was controverted. As such, he had a due process right to have the jury consider whether he possessed the pipe with the intent to use marijuana.

When an error infringes upon a party's federal constitutional right, a court will declare constitutional error harmless only where the party benefiting from the error persuades the court "beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, proves there is no reasonable possibility that the error affected the verdict." *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011) (citing *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1966).

Given the jury's question about the twice-modified Instruction No. 8, and the controverted testimony about Cushinberry's intent at the time he possessed the black pipe, we are not persuaded beyond a reasonable doubt that the instructional omission did not affect the outcome of the trial in light of the entire record as it pertains to the offense of possession with intent to use drug paraphernalia. Finding clear error, we reverse this conviction and vacate the sentence.

The possession of codeine and possession of marijuana convictions are affirmed. The possession with intent to use drug paraphernalia conviction is reversed, the sentence is vacated, and the matter is remanded to the district court for further proceedings.

Affirmed in part, reversed in part, and remanded for further proceedings.