NOT DESIGNATED FOR PUBLICATION

No. 115,935

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DIEGO AMBRIZ-CERVANTES,
*Appellant*.


MEMORANDUM OPINION


Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed July 14, 2017. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., STANDRIDGE and SCHROEDER, JJ.


*Per Curiam*: Diego Ambriz-Cervantes appeals his jury conviction for kidnapping raising four issues: (1) The district court erred when it failed to instruct on the lesser included charge of criminal restraint when the primary charge was kidnapping; (2) the jury was improperly instructed of its inherent power of jury nullification; (3) the imposition of lifetime offender registration is cruel and unusual punishment under the Eighth Amendment to the United States Constitution; and (4) his juvenile adjudications were improperly included to calculate his criminal history score. We have carefully and fully examined each of the points raised by Ambriz-Cervantes, and we find any error committed by the district court as detailed herein was harmless. We affirm.

1

FACTS

The State charged Ambriz-Cervantes with kidnapping, aggravated robbery, and criminal damage to property for events occurring on the night of February 3, 2014.

Anabel Herrera testified that she was home working in her office as the manager of a trailer park when Ambriz-Cervantes entered her home without permission. Herrera testified she was working in her office when she heard a knock at the front door, but then heard a knock at her back door before she could answer the front door. She opened the back door enough to tell Ambriz-Cervantes it was broken and to go around to the front door.

Ambriz-Cervantes pushed his way into Herrera's residence, put a gun to her head, and demanded the rent she had collected. When she told him she had already deposited the money, he forced Herrera into her bedroom. Ambriz-Cervantes bound Herrera's arms behind her back with duct tape, wrapped tape around her torso, and put a piece of tape across her mouth. He told her she had to remain in the bedroom for 5 minutes or he would shoot her. While in the bedroom, Herrera thought she could hear Ambriz-Cervantes talking to someone else in the living room.

Herrera eventually freed herself and went to a neighbor's house who called the police. When she looked to see if anything was missing, Herrera discovered a piggy bank containing $140 to $160 was missing. A KBI fingerprint expert located Ambriz-Cervantes' fingerprint on the duct tape used to bind Herrera.

Ambriz-Cervantes testified in his own defense. He testified he was living and working in Georgia on February 3, 2014. The State presented rebuttal evidence indicating Ambriz-Cervantes had face-to-face meetings with a Kansas Works employee at the Emporia office on January 23, 2014, and February 11, 2014.

The jury acquitted Ambriz-Cervantes of aggravated robbery and criminal damage to property but convicted him of kidnapping. The district court sentenced him to 79 months' imprisonment and ordered lifetime offender registration upon his release from prison pursuant to K.S.A. 2016 Supp. 22-4906(d). Ambriz-Cervantes appealed.

ANALYSIS

*The failure to give an instruction on criminal restraint was not clear error.*

When a party challenges the failure to give a lesser included offense instruction, appellate courts apply the analytical framework for jury instruction issues. The steps in this framework are:

"For jury instruction issues, the progression of analysis and corresponding standards of review on appeal are: (1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward,* 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012)." *State v. Perez*, 306 Kan. ___, Syl. ¶ 3, 396 P.3d 78 (2017).

The trial court shall instruct the jury on lesser included offenses where there is some evidence that would reasonably justify a conviction of the lesser included offense. K.S.A. 2016 Supp. 22-3414(3). This duty to instruct applies even if the evidence is weak, inconclusive, and consists solely of the defendant's testimony. See *State v. Maestas*, 298 Kan. 765, Syl. ¶ 6, 316 P.3d 724 (2014).

Pursuant to K.S.A. 2016 Supp. 22-3414(3), "[n]o party may assign as error the giving or failure to give an instruction, including a lesser included crime instruction, unless the party objects thereto before the jury retires to consider its verdict . . . or the failure to give an instruction is clearly erroneous." Ambriz-Cervantes did not propose a jury instruction on criminal restraint, and although he argues he raised the issue at trial, the district court *sua sponte* raised whether lesser included offenses for aggravated robbery and kidnapping were appropriate. After the State indicated it believed an instruction regarding criminal restraint was inappropriate, the district court asked if the defense had any comments on criminal restraint. Defense counsel replied, "No, sir, I don't, Your Honor," and the district court stated it was not going to give a criminal restraint instruction. Defense counsel did not object and, at the conclusion of the instruction conference, clearly indicated, "I don't see any objections, Your Honor," to the instructions set to be issued to the jury. Ambriz-Cervantes did not preserve this issue for appeal; as such, we review for clear error.

Kansas law provides criminal restraint is a lesser included offense of kidnapping. *State v. Ramirez*, 299 Kan. 224, 233, 328 P.3d 1075 (2014). Citing *State v. Simmons*, 282 Kan. 728, 741-42, 148 P.3d 525 (2006), the State argues an instruction for the lesser included offense was inappropriate because Ambriz-Cervantes argued he was in Georgia at the time of the crimes and could not have been the person who entered Herrera's house to rob and kidnap her (an alibi defense).

However, we note the Kansas Supreme Court more recently clarified that a defendant's theory of defense cannot negate the district court's duty to instruct on a lesser included offense. It held:

> "The Kansas Legislature has codified a trial court's duty to instruct on lesser
> included offenses. The test for when the duty arises is 'where there is some evidence
> which would reasonably justify a conviction of some lesser included crime,' and a

4

constraint on judicial discretion is indicated by the mandatory language directing that 'the judge *shall* instruct the jury as to the crime charged and *any* such lesser included crime.' (Emphasis added.) K.S.A. 22-3414(3); see *State v. Cordray,* 277 Kan. 43, 53-55, 82 P.3d 503 (2004). We have held that the evidence which would support a conviction on a lesser included crime is not restricted to that which was proffered by the defense, but rather it can include evidence presented by the State, as well. *State v. Coleman,* 253 Kan. 335, 354, 856 P.2d 121 (1993). Here, the State appears to concede that the evidence presented at trial was sufficient to reasonably justify a conviction for simple battery. That is all that the statute requires." *State v. Simmons*, 295 Kan. 171, 176, 283 P.3d 212 (2012).

Pursuant to K.S.A. 2016 Supp. 22-3414(3), the fact Ambriz-Cervantes raised an alibi defense did not preclude an instruction on criminal restraint. As such, since criminal restraint is a lesser included offense of kidnapping, we find an instruction on criminal restraint was legally appropriate. Next, we must also examine the facts to see if the instruction was factually appropriate.

Criminal restraint is "knowingly and without legal authority restraining another person so as to interfere substantially with such person's liberty." K.S.A. 2016 Supp. 21-5411. The State presented evidence Ambriz-Cervantes moved Herrera to her bedroom where he restrained and bound her with duct tape and told her not to leave her bedroom for 5 minutes. Thus, an instruction on criminal restraint was factually appropriate.

As previously mentioned, Ambriz-Cervantes failed to object when the district court declared it would not give the lesser included offense instruction of criminal restraint. Thus, we review for clear error. "To establish clear error, 'the defendant must firmly convince the appellate court that the giving of the instruction would have made a difference in the verdict.' [Citation omitted.]" *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016).

Ambriz-Cervantes argues that given the jury verdict, the failure to give a criminal restraint instruction was error because the jury acquitted him of criminal damage to property and aggravated robbery. He does not elaborate on this argument. But the only evidence presented regarding what happened relating to the kidnapping charge was that Ambriz-Cervantes abducted Herrera at gunpoint and threatened to shoot her if she moved in the next 5 minutes, presumably to give him and any accomplices a chance to flee. We fail to see how the jury could have come to any other conclusion than Ambriz-Cervantes confined Herrera by force with the intent to hold her to facilitate flight or the commission of a crime in violation of K.S.A. 2016 Supp. 21-5408(a)(2). Accordingly, Ambriz-Cervantes has not met his burden to firmly convince this court that giving a criminal restraint instruction would have made a difference in the verdict. We find the failure to give the lesser included instruction on criminal restraint was error, but we are firmly convinced it was harmless.

*Ambriz-Cervantes requested the jury instruction he now complains about.*

Ambriz-Cervantes argues the district court committed clear error when it gave PIK Crim. 4th 51.010 (2012 Supp.), which states in relevant part:

> "The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you should find the defendant guilty."

He argues the district court's instruction misstated the law regarding a jury's obligation to enter a guilty verdict. Specifically, Ambriz-Cervantes contends the use of the word "should" compelled the jury to enter a guilty verdict and "forbade the jury from

exercising its power of nullification." However, Ambriz-Cervantes requested the instruction he now complains about.

In *State v. Bailey*, 292 Kan. 449, 459, 255 P.3d 19 (2011), the Kansas Supreme Court held: "When defendant's requested instruction is given to the jury, the defendant cannot complain the requested instruction was error on appeal." The district court gave the instruction Ambriz-Cervantes proposed. Since the district court gave Ambriz-Cervantes' requested instruction, he cannot complain on appeal the instruction was error.

*Mandatory lifetime offender registration is constitutionally permitted.*

As his third issue, Ambriz-Cervantes argues the Kansas Offender Registration Act's (KORA) mandatory lifetime registration for kidnapping violates the Eighth Amendment to the United States Constitution. Ambriz-Cervantes did not preserve this issue for appeal. However, a defendant may raise a categorical proportionality challenge for the first time on appeal because it "involves only questions of law, arises on proven or admitted facts, and is determinative of the case." *State v. Williams*, 298 Kan. 1075, 1084, 319 P.3d 528 (2014).

> "The constitutionality of a statute is a question of law over which this court exercises plenary review. *State v. Mossman,* 294 Kan. 901, 906, 281 P.3d 153 (2012). 'We presume statutes are constitutional and must resolve all doubts in favor of a statute's validity.' *State v. Soto,* 299 Kan. 102, 121, 322 P.3d 334 (2014). 'It is not the duty of this court to criticize the legislature or to substitute its view on economic or social policy; it is the duty of this court to safeguard the constitution.' *State ex rel. Six v. Kansas Lottery,* 286 Kan. 557, 562, 186 P.3d 183 (2008)." *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016).

Before determining whether KORA's registration requirements violate the Eighth Amendment, we must first determine whether KORA's registration requirements are a form of punishment. *Petersen-Beard*, 304 Kan. at 194-95. This involves applying the

7

intent-effects test identified in *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003).

> "'We must "ascertain whether the legislature meant the statute to establish 'civil' proceedings." *Kansas v. Hendricks,* 521 U.S. 346, 361 (1997). If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is "'so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil.'" *Ibid.* (quoting *United States v. Ward,* 448 U.S. 242, 248-49 (1980)). Because we "ordinarily defer to the legislature's stated intent," *Hendricks*, [521 U.S.] at 361, "'only the clearest proof' will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty," *Hudson v. United States,* 522 U.S. 93, 100 (1997) (quoting *Ward*, [448 U.S.] at 249; see also *Hendricks*, [521 U.S.] at 361; *United States v. Ursery,* 518 U.S. 267, 290 (1996); *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 365 (1984).'" *Petersen-Beard*, 304 Kan. at 194-95 (quoting *Smith*, 538 U.S. at 92.)

In *Petersen-Beard*, the Kansas Supreme Court held the legislature intended KORA to be "a nonpunitive and civil regulatory scheme rather than punishment." 304 Kan. at 195. In *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), the United States Supreme Court identified seven factors to consider to determine whether a statutory scheme "'is so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil.'" *Smith*, 538 U.S. at 92. Those factors are:

> "Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned." *Kennedy*, 372 U.S. at 168-69.

8

In *Petersen-Beard*, the Kansas Supreme Court held KORA's lifetime sex offender registration was not punishment, and, therefore, the Eighth Amendment's prohibition against cruel and unusual punishment was inapplicable. 304 Kan. at 209. Ambriz-Cervantes argues *Petersen-Beard* is distinguishable because it "relied heavily on research and case law pertaining to *sex offenders.*" He contends the holding in *Petersen-Beard* is limited to sex offenders and, since he is not a sex offender, *Petersen-Beard* is not controlling authority. However, while *Petersen-Beard* relied heavily on caselaw pertaining to sex offenders and one could possibly construe its holding as being limited to sex offenders, we find its analysis is persuasive, on point, and ultimately controlling.

The State argues lifetime registration is not punishment. Quoting *State v. Simmons*, 50 Kan. App. 2d 448, 458, 329 P.3d 523 (2014), it contends lifetime registration "'is a civil penalty that is remedial in nature and intended to protect public safety, not to impose punishment.'" The State also cites *State v. Myers*, 260 Kan. 669, 671, 681, 695-96, 923 P.2d 1024 (1996), to support its position. Ambriz-Cervantes responds the lifetime offender registration violates all of the factors outlined in *Kennedy*.

In the end, we find a detailed analysis of all the *Kennedy* factors would not be useful as we are duty bound to follow our Supreme Court's decision in *Petersen-Beard*. It is binding authority as it applied the offender registration requirements in Kansas to sex offenders. A logical extension of that analysis is to find lifetime registration under the offender registration statute for kidnapping is not punishment and therefore does not violate the Eighth Amendment to the United States Constitution.

*Juvenile adjudications can be used to determine Ambriz-Cervantes' criminal history score.*

Ambriz-Cervantes argues the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution when it used his prior juvenile

adjudications to increase his sentence without proving those convictions to a jury beyond a reasonable doubt. Pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 477, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), any fact that increases the maximum penalty a defendant may receive must be proved to a jury beyond a reasonable doubt. However, in *State v. Hitt*, 273 Kan. 224, 236, 42 P.3d 732 (2002), the Kansas Supreme Court held:

"*Apprendi* created an exception allowing the use of a prior conviction to increase a defendant's sentence, based on the historical role of recidivism in the sentencing decision and on the procedural safeguards attached to a prior conviction. Juvenile adjudications are included within the historical cloak of recidivism and enjoy ample procedural safeguards; therefore, the *Apprendi* exception for prior convictions encompasses juvenile adjudications. Juvenile adjudications need not be charged in an indictment or proven to a jury beyond a reasonable doubt before they can be used in calculating a defendant's criminal history score under the [Kansas Sentencing Guidelines Act] KSGA. Hitt's arguments as to the constitutionality of the KSGA and his sentence fail."

Ambriz-Cervantes acknowledges *Hitt* is controlling but includes this issue to preserve it for federal review. The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no indication the Kansas Supreme Court is departing from *Hitt*; therefore, the district court properly used Ambriz-Cervantes' juvenile adjudications as part of his criminal history to establish his sentence pursuant to the KSGA.

Affirmed.