NOT DESIGNATED FOR PUBLICATION

No. 123,751

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYAN MICHAEL KNAPP,
*Appellant.*


MEMORANDUM OPINION

Appeal from Douglas District Court; STACEY DONOVAN, judge. Opinion filed September 16, 2022. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Brian Deiter*, assistant district attorney, *Suzanne Valdez*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., ATCHESON and ISHERWOOD, JJ.


PER CURIAM:  Defendant Bryan Michael Knapp appeals his conviction in a bench trial in Douglas County District Court for one count of aggravated battery of a law enforcement officer, a severity level 3 person felony violation of K.S.A. 2019 Supp. 21-5413(d)(1)(A). For his sole issue on appeal, Knapp contends the State presented insufficient evidence the officer sustained "great bodily harm," an element of the crime. We conclude there was enough evidence—the officer suffered a broken nose requiring surgery to correct substantial internal damage to his nasal passages—to support the conviction.

In reviewing a sufficiency challenge, we construe the evidence in a light most favorable to the party prevailing in the district court, here the State, and in support of the judgment of conviction. An appellate court will neither reweigh the evidence generally nor make credibility determinations specifically. *State v. Jenkins*, 308 Kan. 545, Syl. ¶ 1, 422 P.3d 72 (2018); *State v. Butler*, 307 Kan. 831, 844-45, 416 P.3d 116 (2018); *State v. Pham*, 281 Kan. 1227, 1252, 136 P.3d 919 (2006). The issue for review is simply whether a rational fact-finder could have determined the defendant to be guilty beyond a reasonable doubt. *Butler*, 307 Kan. at 844-45; *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014). The standard is the same whether the defendant has been convicted in a bench trial or a jury trial. See *State v. Kendall*, 300 Kan. 515, 523, 331 P.3d 763 (2014).

Here, the relevant evidence looked at that way is terse and straightforward. Knapp was being detained in the Douglas County Detention Center in November 2019 when he started flushing stuff down the toilet in his cell, causing a backup. He declined to cease and desist and apparently was being noncompliant in other ways. Lieutenant Mark Mehrer, the shift supervisor and a commissioned law enforcement officer with the county sheriff's department, entered the cell. Knapp punched Lt. Mehrer in the nose—a single blow that broke the officer's nose.

Lt. Mehrer testified the injury did not bleed much but his nose was visibly deformed by the blow. The physician Lt. Mehrer first saw diagnosed a broken nose and recommended a consultation with an otolaryngologist. Lt. Mehrer followed up with a specialist, who recommended corrective surgery because of significant damage to the interior structure of the nose. According to the otolaryngologist, the damage could affect Lt. Mehrer's normal breathing over time if left uncorrected. Lt. Mehrer had the corrective surgery in December 2019 and was off work for a week and had an additional recuperation period of several weeks with some restrictions on his activities.

Knapp testified during the trial and offered a self-defense theory built around Lt. Mehrer "horseplaying" with him in an inappropriate and physically threatening way. Lt. Mehrer testified that nothing of the sort happened. In its bench ruling, the district court specifically discredited Knapp's testimony on self-defense. We do not delve into that aspect of the case any deeper since self-defense is not a point on appeal. At a later hearing, the district court ordered Knapp to serve a guidelines sentence of 71 months in prison followed by 36 months of postrelease supervision. Knapp has not challenged the sentence.

Turning to the point that is before us, the Kansas appellate courts have never categorically defined "great bodily harm," especially distinguished from "bodily harm," as a term used in more than 20 statutes in the criminal code, including those covering various forms of felony and misdemeanor battery. The crime of conviction requires that a defendant "knowingly caus[e] great bodily harm" to a law enforcement officer performing his or her official duties. K.S.A. 2019 Supp. 21-5413(d)(1)(A). The differentiation between great bodily harm and bodily harm is commonly treated as a question for the jury—or, in this case, the district court sitting as the fact-finder—based on the circumstances of the particular case. *State v. Simmons*, 295 Kan. 171, 177, 283 P.3d 212 (2012) ("We have repeatedly held that establishing the difference between harm and great bodily harm is a decision for the jury."); *State v. Salem*, No. 118,351, 2019 WL 2237382, at *11 (Kan. App. 2019) (unpublished opinion) (Kansas caselaw creates "a vast gray area . . . that encompasses conduct a jury could find to be great bodily harm but which is not conclusively so.").

There are, as Knapp suggests, some outer bounds as to what may be considered great bodily harm. See *State v. Kelly*, 262 Kan. 755, Syl. ¶ 2, 942 P.2d 579 (1997) (great bodily harm must be distinguished from "slight . . . or moderate harm" and requires more than "mere bruises"). But the injury Knapp inflicted on Lt. Mehrer that caused an obvious disfigurement to the bony structure of the officer's nose, significantly damaged the

3

interior nasal passages, and required corrective surgery with a measurable convalescence falls within the gray area of possible great bodily harm left for the fact-finder to determine. See *State v. Cheek*, No. 105,140, 2011 WL 4444489, at *1, 3 (Kan. App. 2011) (unpublished opinion) (two punches to face knocking out victim's tooth sufficient to support jury verdict based on great bodily harm); *State v. Vessels*, No. 96,421, 2008 WL 1847374, at *4 (Kan. App. 2008) (unpublished opinion) (jury question whether defendant's conduct in twisting 65-year-old woman's arm and breaking a forearm bone caused great bodily harm); *State v. Quinones*, No. 93,848, 2006 WL 995374, at *1-2 (Kan. App. 2006) (unpublished opinion) (jury question whether defendant inflicted great bodily harm when he punched and kicked his neighbor, breaking victim's nose and left cheek bone); *State v. Whitehurst*, No. 74,731, 1997 WL 35435546, at *7 (Kan. App. 1997) (unpublished opinion) (broken nose with bruising and facial cut sufficient to support great bodily harm for aggravated battery conviction). Accordingly, sufficient evidence supports the district court's decision to convict Knapp of aggravated battery of a law enforcement officer.

Affirmed.