JOB H. CHERRY, trustee, plaintiff in error, *vs.* ELIZA A DAVIS, defendant in error.

1. Title by prescription is good, and should be accepted by a vendee who has not stipulated for paper title only.
2. Where the vendee of land, who is in possession under a parol con‑ tract of purchase, is tendered a good and solvent warranty of title, he must make his election, either to pay the purchase money, or sur‑ render possession to the vendor.
3. It makes no difference that the vendee has made valuable improve‑ ments, and that there are outstanding judgments against a former owner of the land, which may possibly come against it. *Non constat* that they ever will come, and until they do, there is no damage.
4. Where the verdict is clearly right under the evidence and the law applicable thereto, errors in the charge are generally immaterial.

Prescription. Vendor and purchaser. Warranty. New trial. Before Judge HILL. Bibb Superior Court. October Adjourned Term, 1876.

Reported in the opinion.

BACON & RUTHERFORD, for plaintiff in error.

R. K. HINES, by brief, for defendant.

BLECKLEY, Judge.

Cherry bargained for land by parol, went into possession and made valuable improvements. He paid nothing on the purchase. The vendor brought ejectment. Cherry defended by an equitable plea, the burden of which was, that the vendor did not have a complete chain of title, and that there were unsatisfied judgments against a former vendor, which constituted an incumbrance upon the property. The evi‑ dence showed that the vendor was perfectly solvent; that she was worth from $5,000.00 to $11,000.00. The agreed price for the premises was only $600.00. It was proved that her title was paper color, supported by more than seven years adverse possession. Moreover, it appeared that though

there were unsatisfied judgments against the former vendor, no steps had been taken to enforce them against this property. The defendant proved the erection of improvements costing $2,800.00. The jury found, specially, that on receipt of the purchase money and interest, in thirty days, the vendor should convey with warranty of title; and that if the money was not paid, the premises to revert to, and be the property of, the vendor. Motion for a new trial was made by the vendee on the usual grounds, and on alleged error in charging the jury and in refusing to charge as requested. The motion was overruled. In the record is the copy of a warranty deed filed in the clerk's office for the vendee's acceptance, conformably to the verdict and decree.

1. The title by prescription was established, and as there was no special contract for a paper title only, the vendee could not decline to complete the purchase because the paper chain, back to the state, was incomplete. It is certainly a great convenience to have full documentary evidence of title to land, but those who will be content with nothing else must take care to make their bargains accordingly.

2. The vendee went into possession, paying nothing, and leaving the legal title in the vendor. In ejectment, the legal title will prevail, unless met with an equitable answer which would be good in a bill to enjoin the action. If, at the time of purchase, the vendee had paid, the most he would have been entitled to would have been a deed from the vendor with warranty. That he is offered now; and the warrantor is perfectly solvent. It cannot be equitable to keep the land and not pay for it.

3. As to the outstanding judgments against the former vendor, they have not come against the land, and may never do so. The vendee's possession has not been molested. As yet, he has no cause of action against the vendor on account of these incumbrances. He has neither yielded to them nor paid them off. Should he hereafter be obliged to discharge them, he may then obtain the redress to which he may be

entitled.   The evidence shows that the vendor is fully able to respond.   What loss will come to the vendee by paying the purchase money?   As to it, he will be protected by the warranty; and as to anything more, he will be in as good a situation as he is now.   If upon losing the land now, he could oblige the vendor to make compensation for his improvements, he can equally do so hereafter.   He has already incurred the risk, and we can see no appreciable increase of that risk in paying up the purchase money, as the vendor is worth much more than the warranty and the incumbrances, both put together.   Besides, it has a bad moral effect not to pay purchase money when you are in the enjoyment of the fruits of your purchase, and can get a good warranty to protect you in the payment.   There is not as much solicitude to pay purchase money as there ought to be.   In this instance there has been a delay of some three years.   According to the view that a court of equity takes of such things, some of the money that went into the improvements would have been more equitably applied, if it had been appropriated to paying for the land.   Expensive improvements cannot be encouraged consistently with sound equitable principles, when every dollar of the purchase money is left unpaid.

4. The court erred in some of the legal propositions announced to the jury; but all the errors were harmless. Wrong directions which do not put the traveler out of his way, furnish no reason for repeating the journey.

Judgment affirmed.