RODDY SYLVESTER HAYDEN *v.* ROSE ELIZABETH
WESNER

[No. 815, September Term, 1982.]

*Decided September 2, 1982.*

The cause was submitted on briefs to GILBERT, C. J., and
MORTON and LOWE, JJ.

Submitted by *George R. Sparling* for appellant.

Submitted by *Michael J. Ragland, Lisa A. Dixon* and *Bell
& Ragland, P.A.* for appellee.

GILBERT, C. J., delivered the opinion of the Court.

This case reaches us by way of an expedited appeal [1] on the narrow issue of whether "a want of necessary parties" mandates a dismissal of a wrongful death action that was successfully pursued in Charles County.

The record reveals that a declaration was brought for the wrongful death of Edward Lee Morgan, who was shot to death by the appellant Roddy Sylvester Hayden. The litigation was titled "State of Maryland for the Benefit of Rose Elizabeth Wesner and Rose Elizabeth Wesner, Personal Representative of Edward Lee Morgan" versus the defendant-appellant. Mrs. Wesner is the mother of the decedent. The suit asserts that it is brought "pursuant to Title 3, Section 904 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland."

Subsection (a) of § 3-904 provides:

> "An action under this subtitle shall be for the benefit of the wife, husband, parent, and child of the deceased person."

Notwithstanding how the case is titled, a jury in the Circuit Court for Charles County (Clark, J.) returned a "Verdict in favor of the Plaintiff, Rose E. Wesner" for compensatory damages in the amount of $70,000, and a verdict in her favor, as personal representative, in the sum of $7,000.

In "open court" after the verdicts, the appellant-defendant filed a "motion raising preliminary objections" to the absence of a necessary party, namely, the plaintiff, Rose E. Wesner. The appellant noted that the suit was brought by the "State of Maryland, for the Benefit of Rose Elizabeth Wesner" and not by Mrs. Wesner, individually. Thus, the appellant reasons, the verdict must be stricken since the suit was improperly brought, and the verdict improperly handed down.

Judge Clark proceeded to direct that judgments *nisi* be entered on the verdict. Approximately a month later, he

---

1. This expedited appeal was submitted on brief on August 10, 1982.

denied the motion raising preliminary objection and directed the entry of judgments absolute.

This appeal ensued. The appellant candidly admits that the appeal is "most technical"[2] but, he says, "substantial." Appellant readily acknowledges that "the entire trial was conducted as if Mrs. Wesner, individually, was the plaintiff, and that no prejudice to Appellant in the nature of surprise, confusion of the trier of fact or inability to present a defense resulted." The appellant further acknowledges that he could have "moved for relief at any stage of the proceedings under either *Maryland Rule* 323 a 8 or *Maryland Rule* 203 d."

Md. Rule 323 a provides that:

"Any of the following defenses constitute grounds for a motion raising preliminary objection.

. . .

8. Want of necessary parties."

Section b of Rule 323 provides:

"Motions raising defenses of want of necessary parties, governmental immunity or lack of jurisdiction over the subject matter may be filed at any time. . . ."

What seemingly happened in the instant case was that the appellant knew of his right to invoke Rule 323 or Rule 203 but was content to lie in wait and then play "his ace in the hole" if the verdict was in favor of Mrs. Wesner or was in an amount greater than the appellant deemed proper. In any event, the appellant opted not to interpose his objection until after the jury returned *its* verdict.

The question then put to us is, under the circumstances of this case, was the appellant's "ace in the hole" trumped by the jury's verdict.

---

2. The technical aspect of Hayden's appeal becomes more obvious when one considers that limitations have not as yet run against the case, *see* Md. Cts. & Jud. Proc. Code Ann. § 3-904f (1980) and if reversed and tried anew, a larger judgment may ensue.

Md. Rule Q41 a, applicable to wrongful death actions, provides:

> "Where such cause of action arose in this State all persons who are or may be entitled to damages by reason thereof shall be named as plaintiffs whether or not they joined in bringing the action; however, the names of those who did not join in bringing the action shall be preceded by words: "to the use of . . . . . . . . . . . . . . . ."

. The committee note to Rule Q41 a declares that the rule "abolishes the heretofore existing practice of bringing wrongful death actions in the name of the State of Maryland."

We think that under the peculiar circumstances of this case, there was no lack of necessary parties. Mrs. Wesner, the mother of the slain child, was the party plaintiff, albeit, a misdesignated one. Naming her as a "use plaintiff" instead of bringing the action in her own name amounts to no more than an error in styling rather than one of substance. It was obvious to Judge Clark, the jury, and the appellant that the real party plaintiff was the appellee, Mrs. Wesner, and the appellant acknowledges that he was not harmed, surprised, or placed at a disadvantage by the mislabeling of the declaration.

Where as here, a violation of the rules has not misdirected any of the travelers, we see no reason why we should require them to repeat the journey. *Beckner v. Chalkley,* 19 Md. App. 239, 248, 310 A.2d 569 (1973); *Cherry v. Davis,* 59 Ga. 454, 456 (1877).

*Judgments affirmed.*
*Costs to be paid by appellant.*