NOT DESIGNATED FOR PUBLICATION

No. 122,610

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCUS D. MALCOLM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed November 24, 2021. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HURST, J., and MCANANY, S.J.

PER CURIAM: This is Marcus D. Malcolm's direct appeal following his convictions of aggravated battery while driving under the influence (DUI) and driving with a suspended license. On appeal, his claims of trial error and his constitutional challenge all relate to his aggravated battery while DUI conviction. Having considered these claims, we fail to find any reversible error. Accordingly, we affirm Malcolm's convictions.

1

Malcolm's problems began late on a July 2018 summer night when he was seen losing control of his wife's truck, causing it to leave the roadway and crash into the side of a nearby house occupied by Kevin and Tracy Newell. Kevin was asleep in his bed at the time. The crash knocked his dresser and other bedroom items onto him in his bed, resulting in a gash in his head. The witness to these events, a young man who was walking home from his work on the evening shift at a nearby KFC restaurant, rushed to the crash scene and saw the lone occupant of the truck, who was later identified as Malcolm. Malcolm was bleeding from a cut on his face.

On hearing the crash, Tracy looked out and saw Malcolm, who appeared intoxicated and staggering. Malcolm asked Tracy not to call the police. Malcolm fled the scene upon learning she had already done so. Emergency Medical Services (EMS) arrived at the scene and Kevin was transported to the hospital, where six stitches were required to close the gash in his head.

The authorities located Malcolm asleep in the bushes on a neighbor's property. Malcolm was confused, smelled of alcohol, and his speech was slurred. He had an injury over his eye. His blood alcohol content (BAC) was 0.264.

The State charged Malcolm with aggravated battery while DUI and driving with a suspended license. During trial, the parties stipulated that Malcolm's driving privileges were suspended at the time of the crash. Malcolm's sole defense to the aggravated battery charge was that he was a passenger in the truck at the time of the crash, not the driver. The jury convicted Malcolm of both charges.

After denying posttrial motions, the district court sentenced Malcolm to 23 months' imprisonment for aggravated battery while DUI and a consecutive 6-month jail term for driving with a suspended license. Malcolm's appeal brings the matter to us.

ANALYSIS

*Malcolm's Constitutional Claim*

Malcolm claims the aggravated battery while DUI statute is unconstitutional due to its vagueness. The State contends, among other things, that Malcolm lacks standing to assert this constitutional challenge.

The general rule has been stated in *State v. Williams*, 299 Kan. 911, 918, 329 P.3d 400 (2014) (quoting *Ulster County Court v. Allen*, 442 U.S. 140, 155, 99 S. Ct. 2213, 60 L. Ed. 2d 777 [1979]): "'[I]f there is no constitutional defect in the application of the statute to a litigant, [the litigant] does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations.'" See also *Tolen v. State*, 285 Kan. 672, Syl. ¶ 2, 176 P.3d 170 (2008) (litigant to "whom a statute is constitutionally applied cannot challenge the constitutionality of the statute on the grounds that the statute may conceivably be applied unconstitutionally in circumstances other than those before the court"). The exception to this rule, which relates to constitutional challenges to protect First Amendment rights, does not apply here. See *Williams*, 299 Kan. at 919.

Malcom does not assert the aggravated battery while DUI statute is unconstitutionally vague as applied to him. In fact, he does not even address the facts of his case in claiming the statute is unconstitutional. The facts demonstrated his actions violated the statute. With a 0.264 BAC, Malcolm crashed his truck into the Newells' house, causing Kevin to suffer bodily injuries that required stitches at the hospital.

3

Malcolm's crash destroyed walls in the house, to the extent that dispatch told one of the responding police officers that he could be responding to a possible building collapse.

Malcolm challenges the reference in the statute to the possibility of great bodily harm, disfigurement, or death resulting from DUI. But his position, as expressed at the court's jury instruction conference, was that the sole issue was whether Malcolm was the driver, not the nature or extent of Kevin's injuries or whether there was some uncertainty about whether the crash could have caused such injuries. Nor did he contend that the impact was so slight that there was no possibility that Kevin may have sustained more severe injuries or even death. In addressing the issue of possible lesser included offenses, Malcolm's counsel told the court:

> "We have not made an issue of the extent of Mr. Newell's injuries. . . . [I]f [the jurors] were to find my client not guilty of the primary offense of aggravated battery DUI, I don't know how, based on what has been submitted into evidence, that they can conclude that Mr. Newell's injuries were not sufficient.
>
> "Essentially what this case is about is was my client driving, and has the State proven that he was driving."

It is clear that the statute had been constitutionally applied in Malcolm's case. The statute was not vague in its application to him. Malcolm has no standing to challenge the constitutionality of this statute.

*Jury Instructions*

*Culpable Mental State*

Malcolm contends the district court clearly erred in its jury instruction on aggravated battery while DUI by failing to instruct on the culpable mental state necessary

4

to be proven in order to support a conviction.

We review claims of jury instruction errors using the familiar three steps set forth in *State v. Barrett*, 309 Kan. 1029, 1036-37, 442 P.3d 492 (2019): (1) whether the issue was preserved for review, (2) whether the instruction was factually and legally appropriate; and (3) if the instruction as given was erroneous, whether the error was harmless. If the issue was not raised at trial, the more stringent clear error standard applies. *State v. McLinn*, 307 Kan. 307, 317, 409 P.3d 1 (2018). Under this standard, an instruction is clearly erroneous if we are firmly convinced that the jury would have reached a decision more favorable to the defendant had the error not occurred. *State v. Solis*, 305 Kan. 55, 65, 378 P.3d 532 (2016). Here, Malcolm did not object to the instruction as given, so we apply the clear error standard if we get that far in our analysis.

The trial court had the duty to define the crime of aggravated battery while DUI by specifying every element of the crime necessary to support a conviction. See *State v. Butler*, 307 Kan. 831, 847, 416 P.3d 116 (2018). Here, the challenged instruction stated:

> "The defendant is charged in Count One with aggravated battery while driving under the influence. The defendant pleads not guilty.
>     "To establish this charge, each of the following claims must be proved:
>     "1. The defendant drove under the influence resulting in bodily harm to Kevin Newell, under circumstances by which great bodily harm, disfigurement, or death can result from that act.
>     "2. This act occurred on or about the 8th day of July, 2018, in Sedgwick County, Kansas.
>     "The elements of driving under the influence are set forth in Instruction[] Nos. 9 and 10."

This instruction mirrors the aggravated battery while DUI instruction—PIK Crim. 4th 54.310 (2020 Supp.)—found in the Pattern Instructions for Kansas (PIK), which our

Supreme Court strongly recommends that our trial courts use. See *Butler*, 307 Kan. at 847.

A panel of this court evaluated a nearly identical challenge to the jury instruction for aggravated battery while DUI in *State v. Mulally*, No. 119,673, 2020 WL 4032827 (Kan. App.) (unpublished opinion), *rev. denied* 312 Kan. 898 (2020). There, the panel acknowledged that "[u]nless otherwise provided, a culpable mental state is an essential element of every crime defined by the Kansas Criminal Code." 2020 WL 4032827, at *17; see K.S.A. 2020 Supp. 21-5202(a). But the panel determined that certain crimes—including DUI—are strict liability crimes that do not require a culpable mental state. 2020 WL 4032827, at *17; see K.S.A. 2020 Supp. 21-5203. The panel concluded:

> "[A]ggravated battery while DUI is an absolute liability offense, [therefore] a culpable mental state is not an essential element of the crime. Accordingly, the district court did not commit clear error by omitting a culpable mental state when instructing the jury on aggravated battery while DUI." *Mulally*, 2020 WL 4032827, at *18.

Malcolm contends that *Mulally* was wrongly decided. He contends that the panel in *Mulally* improperly construed aggravated battery while DUI to be a subspecies of DUI rather than a subspecies of battery. He points to the fact that the aggravated battery while DUI statute is in Chapter 21—the Crimes and Punishments section of our statute books—while the DUI statute is in Chapter 8—the Automobiles and Other Vehicles section. Based on its location in the statutes, he contends "the legislature showed its clear intention to define this new offense as a subspecies of battery." But our Supreme Court has consistently held that "the Revisor of Statutes' decision to place a statute in a particular location is not persuasive evidence of legislative intent." *City of Shawnee v. Adem*, 314 Kan. 12, 17, 494 P.3d 134 (2021) (citing *Arredondo v. Duckwall Stores, Inc.*, 227 Kan. 842, 847, 610 P.2d 1107 [1980]).

6

We find the *Mulally* panel's reasoning applicable here and we adopt it. The district court did not err by failing to instruct the jury on a culpable mental state when instructing on aggravated battery while DUI.

*Simple Battery as a Lesser Included Offense*

Malcolm claims the district court erred by failing to give a jury instruction for simple battery as a lesser included offense of aggravated battery. Malcolm did not request an instruction for simple battery. Thus, we evaluate this claim using the clearly erroneous standard if we get that far in our analysis. K.S.A. 2020 Supp. 22-3414(3).

The State argues the invited error doctrine precludes our consideration of this claim. Generally, "when a defendant has invited error, he or she cannot complain of the error on appeal." *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014); see also *State v. Fleming*, 308 Kan. 689, 699, 423 P.3d 506 (2018) (if the invited error doctrine applies, it precludes a challenge to a jury instruction as clearly erroneous). Whether the doctrine of invited error applies is a question of law over which our review is unlimited. *State v. Parks*, 308 Kan. 39, 42, 417 P.3d 1070 (2018). Here, we do not find that the claimed error was invited by Malcolm who now attacks the district court's decision to not give it.

At the court's instruction conference, the State proposed instructing the jury on the lesser included crimes of (1) DUI with a blood alcohol content of 0.08 or more and (2) DUI when incapable of safely operating a motor vehicle. Malcolm objected. As noted earlier, Malcolm was pursuing an all-or-nothing defense based on the sole contention that he was not driving the truck at the time of the crash, contrary to our Supreme Court's holding in *State v. Cordray*, 277 Kan. 43, 55, 82 P.3d 503 (2004), that criminal defendants do not have a right to an all-or-nothing defense. See *State v. Angelo*, 287 Kan. 262, 279-80, 197 P.3d 337 (2008). The district court overruled Malcolm's objection and,

7

consistent with the State's request, instructed the jurors to consider these two lesser included crimes if they did not find Malcolm guilty of aggravated battery while DUI.

Now, on appeal, Malcolm does not challenge these lesser included instructions that were given upon the urging of the State. He contends that if the district court instructed on these lesser included crimes, it should have also instructed the jury on simple battery. There is no error here that was invited by Malcolm.

We now turn to the issues of whether a simple battery instruction would have been legally and factually appropriate. We have unlimited review in considering whether a simple battery instruction would have been legally appropriate. *State v. Johnson*, 304 Kan. 924, 931, 376 P.3d 70 (2016). In considering whether the instruction would have been factually appropriate, we examine the record to determine if there was sufficient evidence, viewed in the light favoring Malcolm, that would have supported giving a simple battery instruction. See *State v. Williams*, 303 Kan. 585, 598-99, 363 P.3d 1101 (2016).

The State concedes that simple battery is a lesser included crime of aggravated battery while DUI. We agree. This leaves the question whether the instruction would have been appropriate under the facts of the case. In answering this question, we must determine whether there was sufficient evidence, viewed in the light favoring Malcolm, that could have reasonably supported a conviction of simple battery.

In *State v. Simmons*, 295 Kan. 171, 283 P.3d 212 (2012), one of the charges resulted when Simmons punched his girlfriend in the nose and forehead. She was treated for a broken nose and a forehead cut that required nine stitches. The broken nose required corrective surgery. She claimed these injuries were the result of Simmons striking her.

8

Simmons was charged with a felony—severity level 4 aggravated battery (causing great bodily harm or disfigurement). Simmons claimed he did not strike the victim in this incident.

At trial, the court gave the jury instructions on lesser degrees of felony aggravated battery as lesser included offenses. But the court failed to instruct on misdemeanor simple battery as a lesser included offense of the felony battery charge as Simmons requested. The jury found Simmons not guilty of the charged severity level 4 aggravated battery but found him guilty of the lesser included severity level 7 aggravated battery (causing bodily harm in a manner whereby great bodily harm, disfigurement, or death can be inflicted).

The State conceded on appeal that the district court erred in not instructing on simple battery as a lesser included offense of felony aggravated battery. The issue then became whether the lesser included misdemeanor simple battery was factually appropriate.

K.S.A. 2020 Supp. 22-3414(3) requires:

"In cases where there is some evidence which would reasonably justify a conviction of some lesser included crime as provided in subsection (b) of K.S.A. 2020 Supp. 21-5109, and amendments thereto, the judge shall instruct the jury as to the crime charged and any such lesser included crime."

(K.S.A. 2020 Supp. 21-5109[b] defines a lesser included crime and provides that the defendant can be convicted of the charged crime or the lesser included crime, but not both.)

Both misdemeanor simple battery and felony level 7 aggravated battery are based on evidence of bodily injury. But severity level 7 aggravated battery has the added

9

element that the bodily injury was inflicted in a manner which could cause great bodily harm, disfigurement, or death. Thus, the manner in which the battery was inflicted was critical, simple battery not requiring the potential of great bodily harm while aggravated battery does. Because the difference between bodily harm and great bodily harm is best left to the jury, per *State v. Green*, 280 Kan. 758, 765, 127 P.3d 241 (2006), the *Simmons* court decided that an instruction on misdemeanor simple battery was factually appropriate and the district court erred in not giving it. *Simmons*, 295 Kan. at 177-78.

In our present case, both simple battery under K.S.A. 2020 Supp. 21-5413(a)(1) and aggravated battery while DUI require the victim to have suffered bodily harm. One of the additional elements of aggravated battery while DUI under K.S.A. 2020 Supp. 21-5413(b)(3)(B) is that the bodily injury occurred in a manner that could have resulted in great bodily harm, disfigurement, or death.

The jury *could have* convicted Malcolm under simple battery if it determined that the State failed to prove beyond a reasonable doubt that Kevin could not have suffered great bodily harm, disfigurement, or death as a result of the crash. This is true even though Malcolm pursued an all-or-nothing defense based on his claim that he was not the driver. See *Simmons*, 295 Kan. at 177. The district court was still required to instruct the jury on lesser included offenses reasonably justified by the evidence. Here, the district court erred when it did not instruct the jury on simple battery.

Next, because Malcolm did not object at trial to the district court's failure to instruct on simple battery, we must determine whether the district court committed clear error. While, as noted above, there was evidence viewed in the light favoring Malcom from which the jury *could have* found him guilty of simple battery rather than aggravated battery while DUI, at this stage our task is to determine whether we are firmly convinced that the jury *would have* reached a different verdict—i.e., found Malcolm guilty of the

10

lesser included crime of simple battery rather than aggravated battery while DUI—had a simple battery instruction been given.

The overwhelming evidence at trial was that Malcolm was the sole occupant of the truck at the time of the crash; that he drove the truck into the side of the Newell home; and that he was very drunk at the time. Moreover, there was ample evidence that Malcolm's conduct and the resulting crash injured Kevin to the extent that he required treatment at the hospital under circumstances that could have resulted in Kevin suffering great bodily harm, disfigurement, or death.

The witness to the crash characterized the Newell house as "[it] was, like, destroyed." The southwest corner of the house was missing. That is where Kevin was sleeping. The exterior of the home was made of brick. Bricks had fallen on the bed where Kevin had been sleeping. When Police Officer Robert Wise was dispatched to the scene, he was told that he was responding to a vehicle striking a house and a possible collapse. When he arrived at the scene, he observed "[l]ots of damage, debris everywhere," and could smell the odor of gas.

Tracy, Kevin's wife, testified that she was in bed in another bedroom due to Kevin's snoring. She said the whole house shook from the truck's impact, and the door to the bedroom where Kevin was sleeping was jammed. When Kevin was able to open the door, he had blood "just pouring out of his head." When Tracy looked into the room she saw that the walls were gone and she could see through the opening in the side of the house. "There was so much debris that I could not really get across the floor to get to where the edge of the house would be." The heavy, solid wood bedroom dresser was "completely shattered." The dresser had a hutch on it that contained various things on its shelves. These were all knocked over. The dresser was laying on the bed. There was "a very strong supporting beam" where two walls met. That beam had been knocked down. Clearly, the State provided overwhelming evidence that while Kevin suffered a gash on

11

his head that required treatment at the hospital, he was fortunate that his injuries were not significantly more serious. Due to Malcolm's conduct and the resulting crash, Kevin could have suffered great bodily harm, disfigurement, or death.

Malcolm requests that we reverse on this claim of error and remand the case to the district court for a new trial at which the jury would be provided with the alternative of finding that he was guilty of simple battery rather than aggravated battery while DUI. But here, the court's error in failing to instruct on simple battery was harmless because it did not affect the outcome of the trial. In discussing the concept of harmless error, the Supreme Court of Georgia in *Cherry v. Davis*, 59 Ga. 454, 456 (1877), stated:

> "Wrong directions which do not put the traveler out of his way, furnish no reason for repeating the journey."

Here, in view of the evidence of the significance of the impact, the district court's instruction error was harmless and does not warrant a reversal and a new trial. The jury got it right given the overwhelming evidence.

*Prosecutor Error*

Next, Malcolm argues the prosecutor misstated the law during closing argument, thereby denying him a fair trial. We evaluate this claim based on the standards set forth in *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016):

> "To determine whether prosecutorial error has occurred, the appellate court must decide whether the prosecutorial acts complained of fall outside the wide latitude afforded prosecutors to conduct the State's case and attempt to obtain a conviction in a manner that does not offend the defendant's constitutional right to a fair trial. If error is found, the appellate court must next determine whether the error prejudiced the defendant's due process rights to a fair trial. In evaluating prejudice, we simply adopt the traditional

12

constitutional harmlessness inquiry demanded by *Chapman* [*v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)]. In other words, prosecutorial error is harmless if the State can demonstrate 'beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' [Citation omitted.]"

In order to protect a defendant's right to due process, a claimed misstatement of controlling law in the State's closing argument must be reviewed on appeal, even if the defendant failed to make a timely objection at trial. *State v. Gunby*, 282 Kan. 39, 63, 144 P.3d 647 (2006).

Here, during closing argument, the prosecutor discussed the jury instruction for aggravated battery while DUI, as well as the jury instructions for the two lesser included DUI offenses. In doing so, the prosecutor stated:

"So the question—you analyze this question first: You're looking as to whether or not there is any reasonable doubt that any of these elements were not fulfilled. That's what we talked about [during] voir dire. We talked about the State is held to the burden of beyond a reasonable doubt to the elements. This is your element[s] sheet for aggravated battery. We would submit that each of those elements has been met.

"However, in Instruction 8, it talks about the lesser included offenses. The law requires that you be advised of lesser included offenses. The only time you're going to consider the lesser included offense is if you have reasonable doubt as to the aggravated battery charge. Then you would go on to the DUI charges. And that is what this instruction is telling you.

. . . .

"So the way that this is going to look is on your verdict form. The first count on your verdict form is Count 1. This is aggravated battery, DUI .08, and the DUI incapable of safely operating. The last line is not guilty.

13

"So what—when you go into the jury room to evaluate this case, the first line you're looking at is simply the aggravated battery. If you have any reasonable doubt as to the elements, you would then move further down this form."

Malcolm contends the State's "argument contradicted the district court's instructions and interfered with the jury's obligation to consider the lesser-included offense instruction."

Malcolm acknowledges that in *State v. Sims*, 308 Kan. 1488, 431 P.3d 288 (2018), *cert. denied* 140 S. Ct. 126 (2019), the court overruled the simultaneous consideration rule, which required the district court to instruct the jury that it should consider greater and lesser offenses at the same time. The court held that the simultaneous consideration rule had been judicially created and that the rule was confusing and unworkable. The court declined to apply it. 308 Kan. at 1503.

Here, Malcolm does not dispute that the district court instructed the jury regarding the consideration of the charged offenses and the lesser included offenses consistent with *Sims*. Instead, he argues the prosecutor misstated the law during closing argument. But the prosecutor's argument did not conflict with the district court's instructions. The instructions on the lesser included offenses began with the phrase: "If you do not agree that the State has met its burden to prove defendant committed the offense of aggravated battery while driving under the influence, you should then consider the lesser included offense of driving under the influence." In closing, the prosecutor told the jurors to consider the lesser included offense only if they had reasonable doubt to the aggravated battery charge. This statement accurately reflected the court's jury instructions, which are consistent with those given in *Sims*. The prosecutor's argument in closing was not improper and did not deprive Malcolm of a fair trial.

14

*Cumulative Error*

As his final point, Malcolm contends cumulative error deprived him of a fair trial. Cumulative error is predicated on more than one trial error, each of which was found on its own to be harmless, but which in the aggregate denied the defendant of a fair trial. See *State v. Hirsh*, 310 Kan. 321, 345, 446 P.3d 472 (2019). Here, the only error found is the harmless error of not instructing on simple battery. Because there are not multiple errors to accumulate, the doctrine of cumulative error does not apply. See *State v. Ballou*, 310 Kan. 591, 617, 448 P.3d 479 (2019). Accordingly, this final contention fails.

Affirmed.